UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARAIZA,<br><br>        Petitioner,<br><br>    v.<br><br>J. HARTLEY, Warden,<br><br>        Respondent. | 1:10-cv—01531-OWW-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS THE PETITION (DOCS. 10, 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT LEAVE TO AMEND (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>OBJECTIONS DEADLINE: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition, which was filed on February 3, 2011. Petitioner filed an opposition to the motion on February 18, 2011. No reply was filed.

I. Background

Petitioner alleged in the petition that he was an inmate of the Avenal State Prison located at Avenal, California, serving a

1

sentence of seven (7) years to life imposed by the Tehama County Superior Court upon Petitioner's conviction in 1996 of attempted murder.  (Pet. 1.)

Petitioner challenges the decision of California's Board of Parole Hearings (BPH) finding Petitioner unsuitable for parole after a hearing held on April 3, 2009.  (Pet. 17.)  Although Petitioner raises various grounds, his arguments reduce to one essential claim based on the Due Process Clause of the Fourteenth Amendment.  Petitioner argues that the BPH's finding that he was unsuitable and its determination that the next suitability hearing would not be held for five years lacked the support of some evidence; the evidence of pertinent parole suitability factors actually supported a grant of parole.  The BPH erroneously relied on unchanging factors because there was clear evidence of Petitioner's rehabilitation.  Further, Petitioner was entitled to release because the facts of his case compared favorably with those presented in other, specified cases reported in California.  Petitioner also contends that the BPH failed to give him an individualized consideration of the pertinent data and factors.  Finally, Petitioner challenges the decision, and the procedures followed in reaching the decision, of the Tehama County Superior Court in denying Petitioner's petition for habeas corpus and upholding the BPH's decision, as well as the decisions of higher state courts declining to grant relief.  (Pet. 1-51.)

In support of the motion to dismiss, Respondent filed the transcript of the hearing held on April 3, 2009.  (Mot., Ex. 1, doc. 10-1, 1-48.)  The transcript reflects that Petitioner appeared at the hearing (Mot., Ex. 1, doc 10-1, 5, 1-48),

2

1  received documents before the hearing and was given an
2  opportunity to correct of clarify the record (id. at 8-10),
3  answered under oath the BPH's questions concerning numerous
4  factors of parole suitability (id. at 10-31), and declined to
5  make a personal statement (id. at 35).  An attorney appeared,
6  advocated, and made a closing statement on Petitioner's behalf.
7  (Id. at 5, 9, 31-36.)

8      Further, Petitioner was present when the BPH stated its
9  reasons for the decision that Petitioner continued to present a
10 danger if released, which included the commitment offense,
11 Petitioner's failure to take responsibility for his conduct or
12 express remorse, his unstable social history, his lack of
13 insight, and the prosecutor's opposition to his release.  (Id. at
14 37-47.)

15     II.  Failure to State a Cognizable Due Process Claim
16     Because the petition was filed after April 24, 1996, the
17 effective date of the Antiterrorism and Effective Death Penalty
18 Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh
19 v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
20 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).
21     A district court may entertain a petition for a writ of
22 habeas corpus by a person in custody pursuant to the judgment of
23 a state court only on the ground that the custody is in violation
24 of the Constitution, laws, or treaties of the United States. 28
25 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
26 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13,
27 16 (2010) (per curiam).
28 ///

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

4

>     to California's received adequate process when he
>     was allowed an opportunity to be heard and was provided
>     a statement of the reasons why parole was denied.
>     (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

>     They were allowed to speak at their parole hearings
>     and to contest the evidence against them, were afforded
>     access to their records in advance, and were notified
>     as to the reasons why parole was denied....
>
>     That should have been the beginning and the end of
>     the federal habeas courts' inquiry into whether
>     [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause.  Id. at 862-63.

Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout.  Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement.  Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner cites state law concerning the appropriate weight to be given to evidence.  To the extent that Petitioner's claim or claims rest on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131

5

1  S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68
2  (1991).  Alleged errors in the application of state law are not
3  cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d
4  616, 623 (9th Cir. 2002).

5      Petitioner's claim that he did not receive a sufficiently
6  individualized consideration of the factors appropriate under
7  California law is likewise not cognizable.  As articulated by the
8  Supreme Court, the minimal due process to which Petitioner is
9  entitled does not include any particular degree of individualized
10 consideration.

11     Because Petitioner has not established a violation by the
12 BPH of his rights under the Fourteenth Amendment, the decisions
13 of the state courts upholding the BPH's decision could not have
14 resulted in either 1) a decision that was contrary to, or
15 involved an unreasonable application of, clearly established
16 federal law, as determined by the Supreme Court of the United
17 States; or 2) a decision that was based on an unreasonable
18 determination of the facts in light of the evidence presented in
19 the state court proceedings.  Thus, Petitioner has failed to
20 state facts concerning the state court decisions that would
21 entitle him to relief. See, 28 U.S.C. § 2254(d).  Therefore,
22 Petitioner's due process claim with respect to the state court
23 decisions should likewise be dismissed.

24     In summary, the Court concludes that Petitioner has failed
25 to state a due process claim cognizable in a proceeding pursuant
26 to 28 U.S.C. § 2254.

27     A petition for habeas corpus should not be dismissed without
28 leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, it is clear from the allegations in the petition that Petitioner attended the parole suitability hearing, made statements to the BPH, and received a statement of reasons for the decision of the BPH. Thus, Petitioner's own allegations and the undisputed record of the parole hearing establish that he had an opportunity to be heard and a statement of reasons for the decision in question. It therefore does not appear that Petitioner could state a tenable due process claim.

Accordingly, it will be recommended that the motion to dismiss the petition be granted, and the petition be dismissed without leave to amend.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

IV. Recommendation

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition be DISMISSED without leave to amend; and

3) The Court DECLINE to issue a certificate of appeal; and

     4)   The Clerk be DIRECTED to close the case because an order of dismissal would terminate the case in its entirety.

     These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 13, 2011**                  **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE